**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

JERMAINE YOUNG,

     Plaintiff,

     v.                                    CAUSE NO. 3:26-CV-646-TLS-JEM

ANDREW ACHEY,

     Defendant.

OPINION AND ORDER

Jermaine Young, a prisoner without a lawyer, filed a complaint alleging his criminal defense attorney did not properly represent him in State Court. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Young alleges he paid Andrew Achey $10,000 to represent him in a State criminal case. He alleges he was sentenced to prison after Achey promised to get him "drug court." This allegation does not state a claim because Achey was not acting under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *McDonald v. White*, 465 F. App'x 544, 548 (7th Cir. 2012) (explaining

that claims against a public defender are frivolous because "court-appointed public defender is not a state actor, and thus cannot be sued under 42 U.S.C. § 1983").

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023) (citation omitted). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A as frivolous.

SO ORDERED on May 21, 2026.

s/ Theresa L. Springmann　　　　　

JUDGE THERESA L. SPRINGMANN

UNITED STATES DISTRICT COURT
